**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | 8:16CR125 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DETENTION ORDER** |
| | ) | |
| **MARTIN LEWIS,** | ) | |
| | ) | |
| Defendant. | ) | |

A. **Order For Detention**
After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act on March 29, 2016, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

B. **Statement Of Reasons For The Detention**
The Court orders the defendant's detention because it finds:
  __X__ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.
  __X__ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

C. **Finding Of Fact**
The Court's findings are based on the evidence which was presented in court and contained in the Pretrial Services Report, and includes the following:
  __X__ (1) Nature and circumstances of the offenses charged:
    __X__ (a) The crimes: (Due to the filing of an Information of previous conviction under 21 U.S.C. § 851) - a conspiracy to distribute methamphetamine, cocaine and marijuana (Count I) in violation of 21 U.S.C. § 846 carries a minimum sentence of ten years imprisonment and a maximum of life imprisonment; the distribution of marijuana (Count II) in violation of 21 U.S.C. § 841(a)(1) carries a minimum sentence of 1 year and a maximum of 10 years imprisonment; the distribution of cocaine (Counts III, IV and V) each carrying a minimum sentence of one year and a maximum of forty years imprisonment; the distribution of methamphetamine (Count VI) in violation of 21 U.S.C. § 841(a)(1) carries a minimum sentence of ten years imprisonment and a maximum of life imprisonment; and the distribution of methamphetamine (Counts VII and VIII) in violation of 21 U.S.C. § 841(a)(1) each carry a minimum sentence of five years imprisonment and a maximum of eighty years imprisonment.
    _____ (b) The offense is a crime of violence.
    _____ (c) The offense involves a narcotic drug.
    _____ (d) The offense involves a large amount of controlled substances, to wit: _____
  _____ (2) The weight of the evidence against the defendant is high.
  __X__ (3) The history and characteristics of the defendant including:
    (a) General Factors:
      _____ The defendant appears to have a mental condition which may affect whether the defendant will appear.
      _____ The defendant has no family ties in the area.
      _____ The defendant has no steady employment.
      _____ The defendant has no substantial financial resources.

DETENTION ORDER - Page 2

           \_\_\_\_ The defendant is not a long time resident of the community.
           \_\_\_\_ The defendant does not have any significant community ties.
           \_\_\_\_ Past conduct of the defendant:
           \_\_\_\_ The defendant has a history relating to drug abuse.
           \_\_\_\_ The defendant has a history relating to alcohol abuse.
           _X_ The defendant has a significant prior criminal record.
           _X_ The defendant has a prior record of failure to appear at court proceedings.

  (b) At the time of the current arrest, the defendant was on:
           \_\_\_\_ Probation
           \_\_\_\_ Parole
           \_\_\_\_ Release pending trial, sentence, appeal or completion of sentence.

  (c) Other Factors:
           \_\_\_\_ The defendant is an illegal alien and is subject to deportation.
           \_\_\_\_ The defendant is a legal alien and will be subject to deportation if convicted.
           \_\_\_\_ The Bureau of Immigration and Custom Enforcement (BICE) has placed a detainer with the U.S. Marshal.
           \_\_\_\_ Other: _____

_X_ (4) The nature and seriousness of the danger posed by the defendant's release are as follows: The nature of the charges in the Indictment and the defendant's criminal history. The proffer of the government that the defendant was a significant dealer of controlled substances and bragged about his connections and aides who helped him in the drug business. The numerous buys were made from his convenience store a block and a half away from a school.

_X_ (5) **Rebuttable Presumptions**
In determining that the defendant should be detained, the Court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e) which the Court finds the defendant has not rebutted:

  _X_ (a) That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:
        \_\_\_\_ (1) A crime of violence; or
        _X_ (2) An offense for which the maximum penalty is life imprisonment or death; or
        _X_ (3) A controlled substance violation which has a maximum penalty of 10 years or more; or
        \_\_\_\_ (4) A felony after the defendant had been convicted of two or more prior offenses described in (1) through (3) above, <u>and</u> the defendant has a prior conviction for one of the crimes mentioned in (1) through (3) above which is less than five years old and which was committed while the defendant was on pretrial release.

  _X_ (b) That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:

    __X__  (1)  That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.

    ____  (2)  That the defendant has committed an offense under 18 U.S.C. § 924(c) (uses or carries a firearm during and in relation to any crime of violence, including a crime of violence, which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device).

D. **Additional Directives**
Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:
1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; and
2. The defendant be afforded reasonable opportunity for private consultation with counsel; and
3. That, on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED:   March 29, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge