IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:16CR125 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| MARTIN LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 53, filed by the Defendant, Martin Lewis. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Lewis pled guilty to Counts I and VI of the Indictment charging him with Conspiracy to Distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846, and Distribution of 50 grams or more of actual methamphetamine within 1000 feet of a public or private secondary school in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 860(a). His plea agreement included in pertinent part: The government's agreement to withdraw an Information of Previous Convictions and to dismiss Counts II, III, IV, V, VII and VIII of the Indictment; and the Defendant's waiver of his right of appeal and post-conviction relief, except as to claims based on ineffective

assistance of counsel. The sentencing range for Counts I and VI, grouped under the United States Sentencing Guidelines, was 188 to 235 months. On December 19, 2016, Lewis was sentenced to a term of 156 months on Counts I and VI, to be served concurrent, and supervised release for a term of 5 years on Count I and 10 years on Count V, to be served concurrent. The Court departed downward from the advisory guideline range, pursuant to defense counsel's motion for downward departure, taking into consideration the fact that a cooperating individual effected the drug transactions with Lewis and influenced the number of transactions and quantities of drugs.

Lewis did not file an appeal. On June 13, 2017, he filed his § 2255 Motion, asserting that his counsel was ineffective for (1) waiving Lewis's right of speedy trial, and (2) failing to contest the use of an "illegal wiretap" that led to incriminating evidence.

## DISCUSSION

To establish ineffective assistance of counsel, Lewis must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

On March 28, 2016, at the time of Lewis's initial appearance and arraignment, he received court-appointed counsel–a highly experienced deputy federal public defender. On May 18, 2016, Lewis retained his own counsel–a highly experienced criminal defense lawyer–and the deputy federal public defender withdrew his appearance. On June 8, 2016, Lewis's retained counsel filed a waiver of speedy trial to extend the time for filing of pretrial motions. The time between June 9 and August 10, 2016, was excluded for Speedy Trial Act purposes. On August 23, 2016, a plea hearing was scheduled, pursuant to the Defendant's request, and the plea proceedings were held on September 26, 2016. At the time of the plea, Lewis stated under oath that he was fully satisfied with the representation he received from counsel.

In his § 2255 Motion, Lewis first argues that his counsel was ineffective when filing a waiver of speedy trial, because the "U.S. GOVERNMENT IN NEBRASKA SO OVERWHELMED WITH DRUG CASES, FELONIES, AND DEPORTATIONS THAT THEY CANNOT AND DO NOT CUSTOMARILY TRY ANYONE WITHIN 70 DAYS." ECF No. 53, Page ID 137-38. The Court finds Lewis's suggestion that the U.S. Attorney would have been unable to bring Lewis's case to trial in a timely manner to be speculative and lacking any factual basis.

Second, Lewis argues that he was denied his rights of due process and equal protection because information leading to his conviction "WAS INITIALLY DISCOVERED AS A RESULT OF ILLEGAL WIRETAP WHICH WIRETAP WAS AUTHORIZED BY COURT FOR SOMEONE ELSE YET OUR COUNSEL HAD NO SQUAWK ISSUE[.]" Id. at Page ID 138. Nothing in the record, including the factual basis for conviction set out in the plea agreement, sheds any light on Lewis's allegation. His assertion is conclusory, with

no facts supporting any claim of a violation of due process or equal protection.

Lewis's complaints about his representation do not rise to a level showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor do Lewis's allegations demonstrate that counsel prejudiced his defense.

## CONCLUSION

For the reasons discussed, Lewis cannot prove either prong of the *Strickland* test. Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") ECF No. 53;

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of June, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge